```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
     ASHEVILLE DIVISION
       1:11-cv-270-RJC
```

| | | |
|---|---|---|
| CARL EDWARD WILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MISSION HOSPITAL; | ) | |
| NANCY RUTKOWSKI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiffs' Complaint under 42 U.S.C. § 1983, filed October 17, 2011. (Doc. No. 1).

## I.  BACKGROUND

Plaintiff contends that Defendants, Mission Hospital ("Mission") and Mission employee Nancy Rutkowski ("Rutkowski") (collectively, "Defendants") violated his constitutional rights. Specifically, Plaintiff contends that Rutkowski committed perjury during his trial and conspired with the victim and the prosecutor in securing Plaintiff's unlawful conviction. (Doc. No. 1 at 1). By way of relief, Plaintiff asks that Rutkowski "and those in concert with [her] be prosecuted" and that he be awarded compensatory and punitive damages. (Id. at 27).

## II.  LEGAL STANDARD

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a

1

right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure in the pleading to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Indeed, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief. Id.

## III. DISCUSSION

The Supreme Court held in Briscoe v. LaHue, 460 U.S. 325 (1983) that in litigation brought under 42 U.S.C. § 1983, all witnesses are absolutely immune from civil liability based on their testimony in judicial proceedings. In so deciding, the Court stated:

> In short, the rationale of our prior absolute immunity cases governs the disposition of this case. In 1871, common-law immunity for witnesses was well settled. The principles set forth in Pierson v. Ray to protect judges and in Imbler v. Pachtman to protect prosecutors also apply to witnesses, who perform a somewhat different function in the trial process but whose participation in bringing the litigation to a just - or possibly unjust - conclusion is equally indispensable.

Id. at 345-46. Plaintiff's perjury claim against Mission employee Rutkowski must therefore be dismissed.

To the extent that Plaintiff's allegations can be construed as a malicious prosecution claim, this claim must also be dismissed. Under North Carolina law, "a plaintiff must prove four essential elements to establish a malicious prosecution claim: (1) that defendant initiated the earlier proceeding, (2) that he did so maliciously and (3) without probable cause, and (4) that the earlier proceeding terminated in plaintiff's favor." Cloaninger ex rel. Cloaninger v. McDevitt, 555 F.3d 324, 335-36 (4th Cir. 2009). Neither Rutkowski nor Mission initiated the proceedings against Plaintiff and Plaintiff has not alleged that those proceedings terminated in his favor.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Complaint is **DISMISSED** because Plaintiff fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Signed: December 20, 2011

Robert J. Conrad, Jr.
Chief United States District Judge